**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JEFF SMITH, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE FAIR** |
| STONELEIGH RECOVERY | ) **DEBT COLLECTION** |
| ASSOCIATES LLC, an Illinois | ) **PRACTICES ACT ("FDCPA")** |
| Limited Liability Company; and | ) |
| MAIN STREET ACQUISITION | ) **JURY TRIAL DEMANDED** |
| CORP, a Nevada Corporation, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT**

COMES NOW Jeff Smith, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act, against STONELEIGH RECOVERY ASSOCIATES LLC and MAIN STREET ACQUISITION CORP:

**Introduction**

1.

Plaintiff Jeff Smith, through his counsel, brings this action to challenge the acts of Defendant STONELEIGH RECOVERY ASSOCIATES LLC and Defendant MAIN STREET ACQUISITION CORP

regarding its attempts to unlawfully, misleadingly, and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**Jurisdiction and Venue**

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt from the Plaintiff, and include multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA").  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

5.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of

Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, Defendants targeted Plaintiff with the committed acts that form the basis for this suit within the State of Georgia, and Defendant STONELEIGH RECOVERY ASSOCIATES LLC has a registered agent within the State of Georgia.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District and Defendant STONELEIGH RECOVERY ASSOCIATES LLC's registered agent in Georgia is located within this District.

**PARTIES**

7.

Plaintiff JEFF SMITH is a natural person who is a resident of Fulton County, Georgia.

8.

STONELEIGH        RECOVERY        ASSOCIATES        LLC ("STONELEIGH") is an Illinois Limited Liability Company.

3

9.

STONELEIGH regularly does business within the State of Georgia, regularly targets residents and citizens of the State of Georgia with its communications and attempts to collect debts, and has a registered in Gwinnett County, Georgia.

10.

STONELEIGH RECOVERY ASSOCIATES LLC is registered as an Illinois limited liability company doing business in Georgia with a registered agent in Gwinnett County, Georgia named CORPORATION SERVICE COMPANY located at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA, 30092.

11.

STONELEIGH RECOVERY ASSOCIATES LLC's principal office address according to both Georgia's Secretary of State and the Illinois Secretary of State is located at 810 Springer Drive, Lombard, IL, 60148.

12.

MAIN STREET ACQUISITION CORP ("MAIN STREET") is a Corporation organized under the laws of the State of Nevada and does business within the State of Georgia, particularly within Fulton County, Georgia.

13.

MAIN STREET ACQUISITION CORP has a registered agent named THE CORPORATION TRUST COMPANY OF NEVADA who has a physical address of service at 701 S CARSON ST, STE 200, CARSON CITY, NV 89701 and a principal place of business at 2877 PARADISE ROAD, UNIT 303, LAS VEGAS, NV 89109.

14.

Defendant MAIN STREET ACQUISITION CORP is in the business of debt collection.

15.

Defendant MAIN STREET ACQUISITION CORP may be served through its Nevada registered agent, THE CORPORATION TRUST COMPANY OF NEVADA at 701 S CARSON ST, STE 200, CARSON CITY, NV 89701.  Defendant MAIN STREET ACQUISITION CORP may also be served through an officer or director of the corporation at 2877 PARADISE ROAD, UNIT 303, LAS VEGAS, NV 89109.

16.

Defendant STONELEIGH RECOVERY ASSOCIATES LLC is in the business of debt collection.

17.

Defendant STONELEIGH RECOVERY ASSOCIATES LLC may be served through its registered agent CORPORATION SERVICE COMPANY in Gwinnett County, Georgia, located at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA, 30092.

18.

Defendant STONELEIGH RECOVERY ASSOCIATES LLC may also be served through one of its officers or directors at its principal place of business in Illinois located at 810 Springer Drive, Lombard, IL, 60148.

19.

Defendant STONELEIGH RECOVERY ASSOCIATES LLC may also be served through its Manager Steven Fuernstahl at 810 SPRINGER DRIVE, LOMBARD, IL 60148.

20.

Defendant STONELEIGH RECOVERY ASSOCIATES LLC may also be served through its Manager SUSAN BAGGERLY KNEPPER REVOCABLE TRUST at 116 ROSEMOUNT, WILLIAMSBURG, VA 23188.

## STANDING

### 21.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

### 22.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

### 23.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

### 24.

Defendant's violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

### 25.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

26.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

27.

The FDCPA statutorily creates Plaintiff's right to avoid direct communications with debt collectors when a consumer retains a lawyer to represent him regarding a debt.

28.

The FDCPA's statutorily created rights go beyond the right to be left alone when represented by legal counsel—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

29.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best

course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

30.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

31.

Further, Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA that have resulted in actual damages.

**FACTUAL BACKGROUND**

32.

Plaintiff JEFF SMITH is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay a consumer debt (the "Alleged Debt").

33.

Defendants have attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of

the transactions composing the alleged debt were for primarily personal, family, or household purposes.

34.

Specifically, while the Alleged Debt relates to a Discover Bank business credit card, the underlying balance was the result of personal, family, or household purchases made on a personal credit card, the balance of which was transferred to this account for personal, family, or household purposes.

35.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail and, upon information and belief, the interstate telephone system.

36.

The principal purpose of the business of both Defendants is the collection of any debts within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

37.

Defendant STONELEIGH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

38.

Defendant MAIN STREET ACQUISITION CORP filed a lawsuit in Fulton County Magistrate Court against Plaintiff on January 25, 2016 that became *Main Street Acquisition Corp v. Jeff Smith*, Case No. 16MS070917, Fulton County Magistrate Court (the "State Lawsuit").   **Exhibit A**, State Lawsuit.

39.

The State Lawsuit was not served on Plaintiff until September 1, 2016.

40.

Defendant MAINT STREET claimed Plaintiff owed it $8,105.63 in the State Lawsuit ("First Alleged Amount").  *See* **Exhibit A**.

41.

Plaintiff hired legal counsel and answered the State Lawsuit on September 19, 2016.

42.

From September 19, 2016, Defendant MAIN STREET knew that Plaintiff was represented by legal counsel regarding the Alleged Debt.

43.

Defendant STONELEIGH knew, or should have reasonably known, that Plaintiff was represented by legal counsel based on the publicly available litigation documents showing Plaintiff's legal representation, as well as the file provided to Defendant STONELEIGH from Defendant MAIN STREET.

44.

Defendant STONELEIGH sent a letter directly to Plaintiff Jeff Smith dated February 14, 2017. **Exhibit B**, 14 February 2017 Collection Letter to Plaintiff (the "First Collection Letter").

45.

Defendant STONELEIGH did not send the First Collection Letter to Plaintiff's legal counsel.

46.

The First Collection Letter sent by Defendant STONELEIGH was sent on behalf of Defendant MAIN STREET.

47.

The First Collection Letter claims there is a "balance due" on the alleged debt of $8,955.91 ("Second Alleged Amount").

48.

The Second Alleged Amount in the First Collection Letter is $850.28 more than the amount First Alleged Amount that Defendant MAIN STREET sued Plaintiff for in the State Lawsuit.

49.

Defendant MAIN STREET claimed in the State Lawsuit that the alleged debt was $8,105.63.

50.

Defendant STONELEIGH sent a second letter directly to Plaintiff Jeff Smith dated April 5, 2017.  **Exhibit C**, 5 April 20167 Collection Letter to Plaintiff (the "Second Collection Letter").

51.

Defendant STONELEIGH did not send the Second Collection Letter to Plaintiff's legal counsel.

52.

The Second Collection Letter sent by Defendant STONELEIGH was sent on behalf of Defendant MAIN STREET.

53.

The Second Collection Letter claims there is a "balance due" on the alleged debt of $8,839.68 ("Third Alleged Amount").

54.

The Third Alleged Amount in the Collection Letter is $734.05 more than the amount that Defendant MAIN STREET sued Plaintiff for in the State Lawsuit.

55.

The Third Alleged Amount in the Collection Letter is $116.23 less than the Second Alleged Amount that Defendants claimed Plaintiff owed in the First Collection Letter.

56.

Defendant MAIN STREET claimed in the State Lawsuit that the alleged debt was $8,105.63.

57.

Defendants have improperly inflated the amount of this alleged debt by applying improper fees or continuing to charge impermissible interest on this alleged debt.

58.

Regulations issued pursuant to the Credit Card Accountability Responsibility and Disclosure Act ("Credit CARD Act") require credit card issuers to send periodic statements for each month that a finance charge is imposed. *See* 12 C.F.R. § 226.5(b)(2)(i).

59.

However, a bank can avoid the obligation of sending periodic statements on charged off accounts by waiving any right to additional fees and interest on the account. 12 C.F.R. § 226.5(b)(2)(i).

60.

The alleged original creditor, Discover Bank, waived post charge of interest in order to avoid the obligation of sending periodic statements on this charged off account.

61.

Defendant MAIN STREET did not send Plaintiff periodic statements for each month that a finance charge is imposed.

62.

Defendants have no legal right to retroactively add interest that was waived by Discover Bank. *See McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D.Mich.2013).

63.

Defendants have no right to impose statutory interest when contractual interest was waived. *See Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443 (6th Cir. 2014).

64.

Defendants have falsely inflated the balance they purport is owed by Plaintiff.

65.

Defendants have misrepresented the amount of the alleged debt in the First Collection Letter and Second Collection Letter in an effort to mislead Plaintiff into paying the incorrect amount for an alleged debt.

66.

Defendants have made false and misleading statements about the amount Plaintiff allegedly owes, claiming one amount in the First Collection Letter and then a second amount in the Second Collection letter, one of which at least must be false, if not both.

67.

Defendants are barred from attempting to sue Plaintiff on the alleged debt as the alleged debt is beyond the statute of limitations in Georgia for these types of claims.

68.

Defendant STONELEIGH properly states that this debt cannot be collected through litigation in both the First Collection Letter and Second Collection Letter, and even properly states that a partial payment may revive the statute of limitations.

69.

Nevertheless, the Collection Letter stated a false and misleading amount for the alleged debt and was sent directly to a represented consumer on a debt beyond the statute of limitations in Georgia.

70.

The Collection Letter sent directly to Plaintiff, instead of to his legal counsel, caused Plaintiff to suffer emotional distress, stress, and anxiety over attempts to collect a debt being handled by his legal counsel.

71.

Defendants' actions caused Plaintiff to suffer damages caused by the fear, anxiety, emotional distress, stress, and humiliation associated with having communications directed to Plaintiff rather than the legal counsel retained to represent him on the alleged debt.

72.

Defendants' actions caused Plaintiff to suffer damages in the form of stress and anxiety relating to Defendants' actions in attempting to collect the Alleged Debt from Plaintiff for an amount different than the one claimed in the lawsuit Defendant MAIN STREET previously filed against Plaintiff.

73.

Defendant's actions have caused Plaintiff to suffer actual damages in the form of lost time, resources, increased anxiety, increased stress, and mental and emotional distress relating to Defendant's actions in attempting to collect this alleged debt.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA by Defendant)

74.

Based on information and belief, Defendants MAIN STREET ACQUISITION CORP and STONELEIGH RECOVERY ASSOCIATES LLC have violated the Fair Debt Collection Practices Act ("FDCPA").

*Defendants' FDCPA Violations Resulting From*
*Directly Contacting A Represented Consumer*

75.

Defendants directly contacted Plaintiff by sending the 14 February 2017 First Collection Letter to Plaintiff despite knowing that Plaintiff was represented by legal counsel.

76.

Defendants again directly contacted Plaintiff by sending the 5 April 2017 Second Collection Letter to Plaintiff despite knowing that Plaintiff was represented by legal counsel.

77.

Communicating directly with a consumer that a debt collect knows is represented by an attorney is a violation of the FDCPA's prohibition against communicating directly with a consumer represented by legal counsel. FDCPA § 805(a)(2), 15 U.S.C. § 1692c(a)(2).

78.

Defendants' actions caused Plaintiff to suffer stress, anxiety, emotional distress, and humiliation resulting from Plaintiff fearing a debt he believed was being handled by legal counsel was once again coming back to torment him and haunt him with debt collection communications despite his retention of an attorney.

79.

Defendants' actions caused Plaintiff to have to seek legal counsel from the attorney who represented him in the State Lawsuit in order to determine what was going on and the status of the case.

80.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Making False and Misleading Representations*
*About the Amount of an Alleged Debt*

81.

Defendants' Collection Letter made false and misleading statements about the amount of the alleged debt.

82.

Defendants improperly inflated the amount of the alleged debt in an effort to mislead Plaintiff and cause Plaintiff to pay debts not owed.

83.

Defendants' actions were purposeful and intentional, with the goal of misleading Plaintiff into paying more than he owed.

84.

Improperly inflating the amount of an alleged debt by applying penalties, interest, or other fees not allowable by law or contract is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status of a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

85.

Improperly inflating the amount of an alleged debt by applying penalties, interest, or other fees not allowable by law or contract is also a violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

86.

Defendants' actions have caused Plaintiff to have to seek legal counsel to examine and investigate Defendants' improper claims, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

87.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with

more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## **JURY DEMAND**

88.

Plaintiff demands a trial by jury.


**WHEREFORE,** Plaintiff prays that this Court:

(1)    Find Defendants jointly and severally liable for violations of the Fair Debt Collection Practices Act;

(2)    Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(3)    Award Plaintiff actual damages in an amount to be shown with more particularity at a later date, but not less than the $750.00 in actual damages incurred in defending the state-court lawsuit;

(4)    Award Plaintiff reasonable attorney's fees in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)    Award Plaintiff the reasonable costs of this action;

(6)    Award Plaintiff other expenses of litigation;

(7)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.


[SIGNATURE AND DATE ON FOLLOWING PAGE.]

Respectfully submitted this <u>12 September 2017</u>.


<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**    12 September 2017

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

24